# Smith, Appellant, v. Brown.

*Negligence—Dangerous machinery—Cloth picking machine—Contributory negligence—Boy over fourteen—Instructions.*

In an action to recover damages for personal injuries received while working at a cloth picking machine a nonsuit is proper where it appears that plaintiff, a bright and intelligent looking lad of over fourteen, passed around to the side of the carrier feeding the machine and, getting into close proximity to it, carelessly allowed his hand to get caught, although the danger was obvious and plaintiff admittedly knew, from having worked in the same room with the machine for a year and having operated it himself for ten days, that the proper place to stand in feeding the machine was in front.

Argued May 16, 1910. Appeal, No. 52, Jan. T., 1910, by plaintiff, from judgment of nonsuit of C. P. Lancaster Co., March T., 1906, No. 11, in case of Paul E. Smith, by his father and next friend, Harry Smith, v. Thomas Brown et al., doing business as Geo. Brown's Sons. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HASSLER, J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*B. F. Davis*, for appellant.

*W. U. Hensel*, with him *H. M. North, Jr.,* and *J. A. Hipple*, for appellees.

PER CURIAM, July 1, 1910:

The alleged defects in the machine by which Paul E. Smith was injured did not cause the accident, and, upon the case as presented by the plaintiffs, no negligence of the defendants was shown rendering them responsible

for the injuries sustained by their employee. On the other hand, the conclusion reached by the learned trial judge was irresistible, that but for his heedlessness, he could not have been hurt. He was over fourteen years of age, bright and intelligent. He had worked for a year in the room where the machine was located by which he was injured and had operated it himself for ten days prior to the accident. From observation and experience he knew that the place at which he ought to have stood while feeding the machine was in front of it, where he was thirty-eight inches away from it and could not possibly have been hurt by it. Standing where he ought to have stood, he could not have reached it with his outstretched arms. He admitted he knew it was dangerous if he came in contact with it. Instead of standing where he ought to have stood, he passed around to the side of the carrier feeding the machine and, getting into close proximity to it, carelessly allowed his hand to be caught. The whole situation is summed up in the following from the opinion of the court overruling the motion to take off the nonsuit, and upon it the judgment may well be affirmed: "The plaintiff is over the age of fourteen, and, as we have said, appeared to be a bright and intelligent boy, and is therefore presumed to have sufficient capacity to be sensible of danger and power to avoid it, as the law presumes boys of that age possess such capacity and power. The danger here was so obvious that anyone who is at all sensible of it could not help but observe it. He complains he was not properly instructed, yet he admits that he knew the proper place to stand to feed the machine was in front of it where he was out of reach of the danger of the lickerine. He knew this from his observation of where all he had seen operate it stood, during the more than a year he worked in the same room with it, and in his experience in operating it for ten days himself. Instructions in that particular were therefore unnecessary, as they would only have informed him of what he did know. It is impossible to

conceive what other instructions could have been given him except to warn him not to allow his hand or clothing to come in contact with the lickerine. He knew of this danger, for it was right before his eyes. The most ordinary degree of care and prudence would have enabled him to discover the danger, and he was therefore bound to observe and avoid it by keeping at a safe distance."

Judgment affirmed.